UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:16-CR-00087-JRG |
| | ) | |
| vs. | ) | |
| | ) | |
| MARCUS ISAIAH PRICE, | ) | |
| | ) | |
| Defendant | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court pursuant to 28 U.S.C. § 636 and standing orders of the District Court for a Report and Recommendation on Defendant Marcus Isaiah Price's ("Defendant's") Motion to Dismiss Counts One, Two, and Three of the Indictment [Doc. 50]. Defendant focuses his argument upon the sufficiency of the Government's evidence concerning the conspiracy charges as opposed to any legal insufficiency contained in the Indictment.[1] He asserts that based upon the discovery provided by the Government, the evidence falls short of proving the first element of a conspiracy, *i.e.* the existence of an agreement to violate the law, let alone all three elements. For the reasons stated herein, the undersigned RECOMMENDS that the motion to dismiss [Doc. 50] be DENIED.

Fed.R.Crim.Pro. 12(b)(1) states that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." The Supreme Court has highlighted that Rule 12(b)(1) "cautions the trial judge that he may consider on a motion to dismiss the indictment only those objections that are 'capable of determination without the trial

---

[1] Defense counsel acknowledged at the motion hearing conducted on May 22, 2017 that Defendant is not alleging the Indictment contains any legal deficiencies.

of the general issue,' indicat[ing] that evidentiary questions of this type should not be determined on such a motion." *United States v. Knox*, 396 U.S. 77, 83 n.7 (1969). In accordance with this precedent, the Sixth Circuit has specifically held that "courts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based." *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001). "Indeed, the interpretation of an indictment . . . is generally limited to its four corners." *United States v. Ferguson*, 681 F.3d 826, 831 (6th Cir. 2012) (citing *Landham*).

In the instant matter, Defendant is not alleging any legal insufficiencies with the Indictment but rather focuses his argument solely on the sufficiency of the Government's evidence concerning the conspiracy charges. This is, of course, exactly what the law says the Court should not do under a Rule 12(b)(1) motion. As such, this motion is outside of the scope of Fed.R.Crim.Pro. 12(b)(1), and ruling on it would be contrary to established Supreme Court and Sixth Circuit precedent. Accordingly, this Court respectfully RECOMMENDS and Defendant's motion to dismiss [Doc. 50] be DENIED.[2]

                                                   Respectfully submitted,

                                                 s/Clifton L. Corker
                                                 United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).