IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
TENNESSEE (GREENVILLE)

MARCUS ISAIAH PRICE
    Petitioner

- vs -                              CASE No.: 2:16-CR-87

United States of America
    Respondent

MEMORANDUM IN SUPPORT
OF PETITIONER'S 28 U.S.C. §2255

Now comes the Petitioner, Mr. MARCUS I. PRICE, Pro-Se pursuant to Haines v. Kerner, 404 U.S. 519-20, 92 S. Ct. 594 (1972), hereby humbly presents his memorandum in support of his 28 U.S.C. §2255 habeas corpus request for relief.

In support thereof, the Petitioner presents the following facts.

## SUMMARY OF FACTS

1) On <u>8/09/2016</u>, the Petitioner was charged by the way of indictment for the following:

   (C1) 21:846 - Conspiracy to distribute and to possess with intent to distribute cocaine base;
   (C2) 21:841 - Distributing cocaine base;
   (C3) 21:841 - Distributing Cocaine base;
   (C4) 21:841 - Possession with intent cocaine base

2) After a plea of innocence (not guilty), trial was set for <u>6/29/2016</u>.

3) After deliberating, the jury returned a verdict of guilty of all counts and a sentencing date was set.

4) On 11/06/2017, the Petitioner was sentenced to 168 months of imprisonment. A Notice of Appeal was promptly filed.

5) According to the Appeals Court for the Sixth Circuit (No. 17-6365), the conviction and sentence was affirmed on 01/25/2019.

6) No other petition for Relief has been filed.

# ARGUMENT

## GROUND ONE

THE CONVICTION IS UNCONSTITUTIONAL BECAUSE PETITIONER DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE CONSTITUTION

Claims of Ineffective Assistance of Counsel (IAC) in criminal cases are evaluated under a two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 2064-74, 80 L. Ed. 2d 674 (1984), and its progeny.

"To succeed on any claim of IAC, a defendant must show that:

(1) the attorney's representation fell below an objective standard of reasonableness, and
(2) there is a reasonable probability that except for the attorney's unprofessional errors, the results of the proceedings would have been different."

Vines v. United States, 28 F.3d 1123, 1127 (11th Cir. 1994) (citing Strickland, supra.).

3

In this case, trial counsel committed several errors and omissions which amounted to performance at a level below the acceptable, objective standard of reasonableness for defense counsel in a criminal case. Petitioner asserts the following errors and omissions as grounds for relief.

### A.) COUNSEL WAS INEFFECTIVE DURING THE SUPPRESSION PHASE

Counsel failed to produce a Fourth Amendment illegal search and seizure of the Petitioner's home. While the Petitioner was in custody, detaining officers, obtaining the Petitioner's keys, ILLEGALLY entered the LOCKED residence and began to search.

Failing to obtain a search warrant and/or the Petitioner's consent to search the residence, presents a constitutional violation by officers entering into said residence.

The Petitioner was not detained, apprehended, or fled into the residence which would provide "probable cause" for the officer(s) to enter the residence but, with **LACK** of either of these elements, by the officer(s) confiscating the Petitioner's keys, returning to the residence **AFTER** placing the

Petitioner in custody violates said protection guarantee.

Counsel's failure extends to the suppression of Garrison's testimony. Said testimony failed to implicate the Petitioner within ANY drug transaction that would place him within the conspiracy that was charged in the indictment.

Garrison's claim that the Petitioner made incriminating statement(s) BUT Agent Yaoma's statement, failing to RECALL ANY incriminating statement(s) provided by the Petitioner, CONTRADICTS the under oath statement given or provides hypothetical (hearsay) information. Either of which fails to be adequate and/or proper grounds for conviction.

With the Petitioner alerting counsel to the inconsistencies within Garrison and Yaoma statements combined, it was made known that the Petitioner never made said statement(s) of implication, (written, audio or video, signed or sworn). But, said statement, depicted that the Petitioner DID, in fact, make such statement(s).

With NO documented information, NO affidavit of ANY factual basis, said statement(s), by Garrison should have been suppressed because of the prejudicial biasness against the Petitioner.

with the CONTRADICTING statement provided by GARRISON and the illegal search of the Petitioner's residence, Counsel's failure to file a petition to suppress ALL evidence illegally obtained And to object to the hypothetical statement provided by the Government's key witness demonstrates the prejudiceness of counsel Allowing the Government to submit hearsay information And permitting An illegal search And seizure, violated the Petitioner's Due Process Rights And caused the Petitioner to be found guilty At trial.

## B. FAILING TO OBJECT DURING TRIAL

Defense Counsel failed to object to:

1) Undisclosed evidence (text messages Admitted As evidence DURING trial). Said evidence was NOT Afforded to the Defense before being trial. Disallowing the Petitioner Adequate time to formulate A defense to said "evidence".

2) Unproven statement(s) "Allegedly" made by the Petitioner but with NO evidence, signed statement And/or the Alleged messages' meaning to turn the instant offense into A conspiracy.

3) The closing arguments of the government. Knowing that a "CI" can NOT be classified as a "Co-Conspirator" within a conspiracy; the text messages of unknown individuals as proof of a conspiracy; the false allegations of key government witnesses as to the facts of this case;

Furthermore, the failure to question the credibility of key witnesses as to the CI and/or the credibility of the CI.
With NO mention of drugs, money, or any other version that would constitute a conspiracy.
With the Petitioner requesting witnesses that would attest to the ACTUAL facts of this case, counsel's failure to, at least, interview these witnesses to establish their credibility proves the prejudice the Petitioner suffered at the hands of counsel.

Counsel failed to demonstrate a <u>REASONABLE</u> defense as to the Petitioner's case. Failing in <u>NUMEROUS</u> areas that prejudiced the Petitioner, caused him to be sentenced to a guideline that he does <u>NOT</u> apply to and sentenced to 168 months (14 years)

7

instead of the guideline statute that ACTUAL applies to his situation.

Thereby, the Petitioner has satisfied the prongs of <u>Strickland</u>.

## GROUND II.

### IMPROPER SENTENCING GUIDELINE AND/OR APPLICATION

The Petitioner was charged within a conspiracy to distribute and to possess with intent to distribute cocaine base. The Petitioner also was designated as a Career Offender after it was discovered that the Petitioner may have two prior convictions to activate said enhancement.

After an examination of said priors, the Petitioner then discovered that the priors used against him were in error. In all actuality, the Petitioner only has ONE (1) prior conviction that could/can be used as a predicate.

For a petitioner to be enhanced within the instant offense, that petitioner (pursuant to the Career Offender statute) MUST have "two or more PRIOR convictions". Those prior convictions can NOT be included within the

instant offense.

In this case, one of the priors used to enhance the Petitioner's sentence was, in fact, a portion of the instant offense, NOT A PRIOR offense. But, in order to solidify the Career Offender enhancement a count from the instant offense was used, not only within the instant offense but ALSO as a prior predicate (better known as "Double Dipping").

To utilize an instant offense count as a prior predicate offense in order to enhance a defendant's sentence creates a Due Process violation thereby placing a petitioner within a higher category and/or longer sentence, unjustifiably.

Furthermore, the prior conviction used to enhance the Petitioner's sentence, via an Amended information to establish prior convictions, are as followed:

    1) An August 9, 2012 guilty plea of Possession of marijuana with intent to sell more than one-half ounce

    2) An November 18, 2014 guilty plea of Possession of Cocaine with intent to manufacture, deliver, or sell

Although both may be labeled as "Felony" offenses, by definition of a prior offense that can be used for CAREER purposes, the marijuana charge FAILS to qualify as a predicate pursuant to the definition(s) set forth within the First Step Act of 2018 (FSA-2018).

Said definition of a "Serious Drug Offense" for CAREER purposes is an offense that could carry up to a term of imprisonment of ten (10) years. A possession of marijuana with intent to sell more only carries a maximum sentence of 6 yrs. FAR BELOW the statutorial guideline set forth within the FSA-2018.

Therefore, the Petitioner does NOT the number of qualifying predicates to warrant the Career Offender and, therefore, makes the Career Offender enhancement the Petitioner was sentenced to, improper.

## CONCLUSION

It has been demonstrated that Counsel's performance fell FAR below reasonable standard. For had counsel been effective the outcome of the Petitioner's ENTIRE case would have been different. The Petitioner would have been able to argue his case from a better stand point than

that of a CAREER CRIMINAL. Failing to cross-examine key government witnesses to discredit their statement prejudiced the Petitioner in front of the jury. Within the breakdown of the attorney-client relationship, the Petitioner was forced to speak up within his own defense.

ANY competent counsel would have made VIGOROUS efforts to interview key witnesses prior to trial. For a ~~Defense~~ Counsel to fail to call witnesses with plausible, factual allegations and evidence sufficient to raise a substantial doubt further demonstrates the inadequate preparation and indifference of defense counsel.

Furthermore, counsel's failure to argue that the prior offense(s) should/could not qualify to enhance the Petitioner's sentence pursuant to §851 further demonstrates counsel's ineffectiveness.

Therefore, the Petitioner has satisfied both prongs placed within <u>Strickland</u>.

Furthermore, the Petitioner being sentenced to a guideline that is <u>NOT</u> applicable to the Petitioner places the Petitioner within a sentencing range that EXCEEDS the maximum statutory sentence

had he been sentenced under a **PROPER** guideline RANGE. And, ~~thereby~~, warranting relief.

Therefore, the Petitioner humbly requests that this Honorable Court vacate the Petitioner's sentence, Remand him back to District Court to be Re-Sentenced **WITHOUT** the Career Offender enhancement.

Humbly Submitted

*[signature]*

Mr. Marcus I. Price
Reg. No. 51737-074
FCI-Gilmer
Po Box 6000
Glenville, WV. 26351

## CERTIFICATE OF SERVICE

I hereby certify that the information herein is true and correct to the best of my knowledge pursuant to 28 U.S.C. §1746 under the penalty of perjury.

That said information has been placed within the institutional mailing system on the date listed below.

/s/ _____
MR. MARCUS D. PRICE
Reg. No. 51737-074

Date: 3-18-20