UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| MARCUS ISAIAH PRICE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | Nos. 2:20-cv-55; 2:16-cr-87 |
| v. | ) | Judge Greer |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

### RESPONSE IN OPPOSITION TO PETITIONER'S
### MOTION FILED PURSUANT TO 28 U.S.C. § 2255

The United States of America hereby responds in opposition to petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

### FACTUAL AND PROCEDURAL HISTORY

Law enforcement officers investigating drug distribution in the Johnson City, Tennessee area identified a drug dealer and then questioned him about other individuals who were also selling drugs. (R. 131, Trial Tr., PageID# 1765, 1857-58.) That individual, who would later become a confidential informant (CI), told investigators about Petitioner, with whom he regulated the Johnson City market for crack cocaine distribution. (*Id*. at PageID# 1856.) On two occasions, the CI purchased crack cocaine from the Petitioner on behalf of law enforcement. (*Id.* at PageID# 1765, 1858.) Officers subsequently approached Petitioner. (R. 131, Trial Tr., PageID# 1811.)

Petitioner originally declined to cooperate with law enforcement and was arrested for the two controlled drug transactions. (Id. at Page ID# 1812-13.) During transport to the local jail, Petitioner changed his mind and made a *Mirandized* statement to law enforcement in which he admitted to selling crack cocaine, identified his supplier in Atlanta, Georgia, and provided information about other dealers he had supplied. (Id. at Page ID# 1819-24.) A consensual search

of Petitioner's phone corroborated Petitioner's statement. (*Id*. at PageID# 1824; R. 132, Trial Tr., PageID# 1965-66.)

Contemporaneous to Petitioner's statement, other officers searched Petitioner's home pursuant to a search waiver contained in the terms of Petitioner's probation conditions and found approximately 250 grams of crack cocaine at Petitioner's residence. (R. 131, Trial Tr., PageID# 1830-31, R. 132, Trial Tr., PageID# 1904-07, 1911-14, 1941-43; *see also* R. 67, Report and Recommendation, Page ID# 167.)

Petitioner was charged with conspiring to distribute and possess with the intent to distribute at least 280 grams of cocaine base (crack), in violation of 21 U.S.C. §§ 846 and 841(a)(1); two substantive counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1); and possession with the intent to distribute at least 28 grams of cocaine base, also in violation of 21 U.S.C. § 841(a)(1). (R. 3, Indictment, PageID# 7-9.)

Eight days before Petitioner's trial, counsel for Petitioner, Angela Morelock, moved to withdraw from representing the defendant and filed a sealed memorandum with her reasons. (R. 81, Motion, PageID# 196-97; R. 85, (Sealed) Memorandum in Support, PageID# 207-12.) Almost simultaneously, the defendant mailed a *pro se* motion seeking a trial continuance and alleging ineffectiveness by attorney Morelock.[1] (R. 88, *Pro Se* Motion, PageID# 328-31.) The court held a hearing and counsel, her defense investigator, and Petitioner all testified. (R. 130, Hr'g Tr., PageID# 1692-720.) The court denied counsel's motion to withdraw and the

---

[1] Petitioner's written motion was not received by the district court until after the hearing on counsel's motion to withdraw, but the defendant told the court during that hearing that he had submitted or would submit such a motion, and the court thus considered it as an oral motion. (R. 130, Hr'g Tr., PageID# 1697.)

defendant's motion for new counsel and a continuance. (*Id*. at PageID# 1692-98; R. 89, Order, PageID# 333.) The court explained its reasoning this way:

> Over the last hour I have heard extensively from Ms. Morelock, from her investigator . . . Mr. Farrow, and from Mr. Price himself. Suffice it to say that Ms. Morelock's efforts to prepare for trial in this case have been hampered in large extent by the defendant's recalcitrance and by the defendant's unwillingness to provide her with requested information, based primarily on both what Ms. Morelock and Mr. Price characterize as a trust issue.
>
> Mr. Price suggests that Ms. Morelock is not prepared for trial, has not made an effort to discover the truth in the case and is not aggressively defending him. Mr. Price identifies no witnesses that Ms. Morelock or Mr. Farrow should have interviewed or who could provide a defense to him in this case. He identifies no documents or investigative leads that could have been pursued but that were not. His expectations of counsel and of the investigator are unrealistic expectations. He faults Ms. Morelock for failing to file certain unspecified motions in the case.
>
> There clearly is a trust issue here between Mr. Price and counsel. From Mr. Price's point of view the attorney-client relationship with Ms. Morelock has been broken. Ms. Morelock, however, represents to the court that she is prepared for this trial to commence on next Thursday morning. While I certainly sympathize with the position that Ms. Morelock has been placed in by her client, I do not have any confidence that replacing Ms. Morelock with another lawyer would resolve that problem. Given Mr. Price's own actions in this case, a different . . . attorney would have been no more prepared for this trial, and I quote Mr. Price on that, than is Ms. Morelock. Mr. Price wants a trial, he is entitled to a trial, and he will have a trial.

(R. 130, Hr'g Tr., PageID# 1695-97.)

At the end of a two-day trial, the jury convicted the defendant on all four counts; as to the conspiracy count, it deemed him responsible for a lesser drug quantity than that charged in the indictment.[2] (R. 97, Verdict Form, PageID# 435-37.)

At sentencing, the court determined that the Career Offender enhancement had been correctly applied in the PSR, but would result in an "unduly harsh sentence" in this particular case. (R. 133, Sent. Tr., PageID# 2159; *see also id*. at PageID# 2156, 2158, and 2167.) The court thus varied downward to the Guidelines range that would have applied had the defendant not been classified as a Career Offender and sentenced the defendant to an aggregate term of 168 months' imprisonment. (*Id*. at PageID# 2167-69; R. 114, Judgment, PageID# 1195-202; R. 115, (Sealed) Statement of Reasons, PageID# 1202-06.)

Petitioner appealed, and the Sixth Circuit Court of Appeals affirmed his convictions and sentence on January 25, 2019. *See generally Price*, Case No. 17-6365. Petitioner has now filed a timely motion under 28 U.S.C. § 2255. (R.138, § 2255 Motion; R. 338-1, Memorandum in Support.)

## STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to obtain relief, a petitioner must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceedings invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). He "must clear a significantly higher hurdle than would exist on direct appeal" and demonstrate

---

[2] After trial, the defendant's family retained D.R. Smith to represent the defendant at sentencing; he replaced attorney Morelock. (R. 107, Motion, PageID# 1162; R. 108, Order, PageID# 1164.)

4

a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F3d 427, 430 (6th Cir. 1998).

Moreover, a petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, he must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id*., as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, he must overcome the presumption that . . . the challenged action might be considered sound . . . strategy") (internal citation omitted). Second, petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000).

Because a petitioner "must satisfy *both* prongs [of *Strickland* to obtain relief on an ineffectiveness claim], the inability to prove either one of the prongs – regardless of which one – relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (*en banc*) (emphasis in original); *accord Strickland*, 466 U.S. at

5

697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

## ARGUMENT

### I.

Petitioner alleges numerous instances of purported ineffectiveness by counsel during the pretrial and trial phases of this case, but none of his claims satisfy *Strickland*'s two-part test. Many of Petitioner's claims fail because he does not sufficiently develop his allegation to permit review; and the remainder of his claims fail on their merits. Accordingly, his motion should be denied.

   a. ***Petitioner fails to sufficiently develop many of his allegations and they should be rejected.***

As a preliminary matter, a petitioner must set forth adequate facts which entitle him to relief. *See*, *e.g.*, *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing," much less relief); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (explaining that where "claims are stated in the form of conclusions without any allegations of facts in support thereof," a § 2255 motion is "legally insufficient to sustain review"). Here, many of petitioner's accusations lack factual or legal support and should be rejected on that basis.

      i. <u>Petitioner has not established that counsel was ineffective for not filing a motion to suppress unspecified evidence.</u>

Petitioner alleges that counsel was ineffective for not moving to suppress unspecified evidence obtained during a search of his residence. (R. 138-1, Memorandum in Support at 4.) Although petitioner asserts that the officers "illegally" entered and searched his "locked"

6

residence without a warrant, he conveniently ignores the legal basis upon which the search was based – that a search was permitted pursuant to the expressed conditions of the terms of written conditions of probation. (R. 67, Report and Recommendation, Page ID# 167.) Petitioner does not provide any information about the search or seizure in question, nor the actual evidence he wanted to have suppressed but instead ignores the basis for the search and then merely concludes that the search was illegal. (*Id*. at 4-5.) It is axiomatic that "failure to bring a meritless suppression motion cannot constitute ineffective assistance." *Brown v. McKee*, 231 F. App'x 469, 475 (6th Cir. 2007) (quoting *United States v. Tisdale*, 195 F.3d 70, 73-74 (2d Cir. 1999)). And even if counsel had rendered deficient performance by failing to file a suppression motion, petitioner would not be entitled to relief absent proof that the motion would have been successful. *Howard v. Bouchard*, 405 F.3d 459, 480-85 (6th Cir. 2005). Petitioner has not made that showing here; he provided inadequate factual support for this claim, offering only his conclusory assumptions without any effort to develop the factual framework necessary to analyze its merits (or lack thereof).

  ii. <u>Petitioner has not established that counsel was ineffective for not questioning the credibility of unspecified "key witnesses" as to the credibility of the confidential informant.</u>

Petitioner next faults counsel for not questioning unspecified "key witnesses" as to the credibility of the confidential informant (CI) (R. 138-1, Memorandum in Support at 7.) Petitioner does not identify the "key witnesses" that he faults counsel for not questioning, nor does he offer any information as to why or how the CI was incredible.[3] Petitioner has not

---

[3] To the extent Petitioner faults his counsel for not recalling Officer Garrison for impeachment purposes, the court permitted Petitioner and counsel time to discuss whether or not

7

shown that counsel's decision to not further question the CI's credibility via unspecified key witnesses would have aided his defense. Therefore, Petitioner's proffered conclusion – that counsel's failure to question the CI's credibility proves prejudice to the Petitioner (R. 138-1, Memorandum in Support at 7.) – remains unsubstantiated by any facts and should thus be rejected.

    iii. <u>Petitioner has not established that counsel was ineffective for not conducting further investigation and for not interviewing or calling unspecified witnesses.</u>

In a related claim, Petitioner also faults counsel for not having interviewed unspecified witnesses who purportedly could have "attest[ed] to the ACTUAL facts of this case…." (R. 138-1, Memorandum in Support at 7.) Although petitioner asserts that counsel should have interviewed these witnesses to "establish their credibility" (*e.g.*, *id.*), Petitioner does not identify any of the potential witnesses by name, nor provide any summary of the substance of their expected testimony. That omission is fatal to his claim. Unless a petitioner specifically explains what, in his view, counsel should have investigated, he cannot show that counsel was ineffective for not conducting further investigation. *See United States v. Robson*, 307 F. App'x 907, 911 (6th Cir. 2009) (declining to review ineffectiveness claim because the record did not show what information could have been further investigated or how it might have altered the outcome of the case); *see also Rompilla v. Beard*, 545 U.S. 374, 382-83 (2005) ("[T]he duty to investigate does not force defense lawyers to scour the globe on the off chance something will turn up.").

To the extent that Petitioner faults counsel for not interviewing two represented defendants from related cases regarding their knowledge of the CI, the court previously

---

to recall the witness for that purpose, and the defense made a strategic decision not to. (R. 132, Trial Trans. 2014-33, 2037.)

8

entertained this argument and properly concluded that counsel could not interview those witnesses without their counsels' approval - which she sought but could not obtain. (R. 132, Trial Trans. at 2014-17.) Petitioner's proffered conclusion – that he suffered because counsel did not interview these unspecified witnesses – remains unsubstantiated, and is otherwise unpersuasive, and should thus be rejected.

    iv. <u>Petitioner has not established that counsel was ineffective for failing to object to the prosecutor's closing arguments.</u>

Petitioner also faults his counsel for not objecting to the prosecution's closing arguments on the grounds that unspecified "key government witnesses" had made "false allegations" about "the facts." (R. 138-1, Memorandum in Support at 7.) However, petitioner has not even identified which witnesses he alleged testified falsely or in what respect, much less that the prosecutor knew the testimony was false, without which there would have been no legitimate basis for counsel to object to the prosecutor's closing argument. This is particularly true given the prosecution's argument accurately summarized the trial testimony.

  b. ***The remainder of Petitioner's claims related to counsel's performance during the pretrial and trial stages are meritless.***

    i. <u>Counsel is not ineffective for declining to file a meritless motion to suppress Petitioner's statement</u>.

Petitioner alleges that his counsel was ineffective for not moving to suppress his statement because Johnson City Police Department Officer Garrison's testimony was contradicted by the testimony of Federal Bureau of Investigation Special Agent Yaroma. (R. 138-1, Memorandum in Support at 5-6.) Petitioner's claim fails in several ways. Counsel did file a motion to suppress Petitioner's statement, but did so based on Petitioner's assertion that he

9

received an impermissible promise that coerced him into making an incriminating statement. (R. 48, Motion to Suppress Statement.) At the motion to suppress hearing, Officer Garrison explained how Petitioner initially declined to make a statement, but later changed his mind and made a *Mirandized* statement. (R. 67, Report and Recommendation at 3-4.) During the suppression hearing, Agent Yaroma testified regarding alleged promises that Petitioner claims were made to him by Officer Garrison. (*Id.*) Without citing to the record, Petitioner now recounts that Agent Yaroma "fail[ed] to RECALL any incriminating statement(s)…" in response to an unspecified question that she was asked; and that this failure to recall contradicts Officers Garrison's testimony. Despite Petitioner's assertion, even if Petitioner's recollection is accurate, Agent Yaroma's failure to recall does not contradict Garrison's testimony and is not a proper basis for suppression. Without context, the response is meaningless – after all, the issue was not whether Petitioner made incriminating statements, it was whether any impermissible promises were made. At most, the challenge would go to the weight of the evidence as opposed to its admissibility.

      ii.    <u>Counsel was not ineffective for declining to make a frivolous objection related to the documentation of Petitioner's statement.</u>

Petitioner also faults his counsel for not objecting at trial regarding his statement because the testimony was unsubstantiated by documentary evidence. (R. 138-1, Memorandum in Support at 6.) Even if true, this claim is meritless. If credited by a jury, "even uncorroborated testimony of an accomplice may support a conviction." *United States v. Stewart*, 628 F.3d 246, 255 (6th Cir. 2010). Documentary corroboration is never required, nor would the absence of such corroboration provide any basis for counsel to object.

iii. <u>Counsel was not ineffective for declining to make a frivolous objection related to the admission of text message evidence.</u>

Petitioner also faults his counsel for not objecting at trial to the introduction of text messages which he alleges were never produced in discovery prior to trial. (R. 138-1, Memorandum in Support at 6.) Petitioner is incorrect in this allegation. The text messages came from Petitioner's own cellular phones; and the extraction report with the entire contents of the phones was provided as part of discovery. To the extent Petitioner is referencing trial Exhibits 12-14, those exhibits were the full cellphone extraction report and spread sheets isolating some of the most relevant of the approximately 10,000 test messages on Petitioner's phones. (*See*, R. 132, Trial Trans. at 69-75.), Those Summary Exhibits included only information that was released in discovery. Accordingly, Petitioner's claim is without merit.

iv. <u>Counsel was not ineffective for declining to make frivolous objections during closing arguments.</u>

Petitioner also faults counsel for not objecting to the prosecutor's closing argument on the grounds that a confidential informant cannot be a co-coconspirator. (R. 138-1, Memorandum in Support at 7.) Petitioner's reliance on this principle is misplaced. "The rule that government agents do not count as co-conspirators…is limited to situations in which the conspiracy involves only one defendant and a government informer." *United States v. Hayden*, 68 F.App'x 530, 532 (6th Cir. 2003). This is not one of those cases. Here, the prosecution emphasized the implicit agreement between Petitioner and his source of supply in Atlanta, the Petitioner's connections with other dealers he supplied, as well as his historic relationship with the individual who would only later cooperate with the government. (*See*, R. 132, Trial Trans. at 151-157, 166-70.) Counsel cannot be faulted for not making a meritless objection. Moreover, counsel successfully

11

sought and obtained a Jury Instruction that informed the jury that an agreement between a defendant and a government agent or informer was insufficient to support a conspiracy conviction. (R. 132, Trial Trans. at 134-135.)

## II.

Petitioner now attempts to raise, for the first time, an argument that his sentencing was flawed because he was improperly determined to be a Career Offender. As an initial matter, Petitioner does not claim counsel was ineffective in this regard. Moreover, Petitioner's challenge to the propriety of the career-offender enhancement is procedurally defaulted.[4]

Sentencing claims are typically noncognizable because they do not raise constitutional concerns. *E.g.*, *Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011); *accord United States v. Calderon*, No. 98-1336, 1999 WL 801587, at *3 (6th Cir. Sept. 27, 1999) ("a direct appeal would have been the correct forum in which to raise sentencing questions"). And the claim is also procedurally defaulted because petitioner failed to raise it on direct appeal. To obtain review, therefore, he must show that (1) he had good cause for not raising it earlier and would suffer "actual prejudice" if it were not now reviewed, or (2) he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). The "hurdle" a petitioner faces to excuse procedural default is "intentionally high . . . , for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). Petitioner has

---

[4] After Petitioner was sentenced, and shortly before his conviction was affirmed by the 6th Circuit Court of Appeals, Congress enacted the First Step Act, which reduced the enhanced-sentence provisions in 21 U.S.C. § 841. See generally First Step Act, Pub.L.No. 115-319, 132 Stat. 5194 (2019). Specifically, Congress changed the types of prior convictions that would trigger an enhancement. Id. at 401, 132 Stat. at 5220. However, no relief is warrant under the First Step Act as Petitioner was sentenced without regard to that enhancement.

12

not even attempted to make that showing here. In any event, Petitioner's claim is unavailing because the court sentenced Petitioner without regard to the Career Offender enhancement. (R. 133, Sent. Tr., PageID# 2167-69.)

## CONCLUSION

In sum, none of petitioner's ineffectiveness claims satisfy *Strickland*'s two-part test. Accordingly, petitioner's § 2255 motion should be denied.

Respectfully submitted,

J. Douglas Overbey
United States Attorney

By:  *s/ J. Christian Lampe*
J. Christian Lampe
Assistant United States Attorney
CO Bar No.: 34361
220 West Depot Street, Suite 423
Greeneville, Tennessee 37743
Christian.lampe@usdoj.gov
423-639-6759

## CERTIFICATE OF SERVICE

I certify that on June 4, 2020, this response was filed electronically and a true copy was sent to petitioner by regular United States mail, postage prepaid, addressed as follows:

Marcus I. Price
No. 51737-074
F.C.I. Gilmer
P.O. Box 6000
Glenville, WV 26351

*s/ J. Christian Lampe*
J. Christian Lampe
Assistant United States Attorney