UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No.: 2:16-CR-00087 |
| v. | ) | JUDGE GREER |
| | ) | |
| MARCUS ISAIAH PRICE | ) | |
| | ) | |

### UNITED STATES' RESPONSE IN OPPOSITION TO THE MOTION FOR RETURN OF SEIZED PROPERTY PURSUANT TO RULE 41(g)

The United States of America, by and through J. Douglas Overbey, United States Attorney for the Eastern District of Tennessee, and Meghan L. Gomez, Assistant United States Attorney, hereby responds to defendant Marcus Isaiah Price's ("the defendant") Motion for Return of Seized Property Pursuant to Rule 41(g). (Doc. 140.) The United States opposes the defendant's motion as the property he seeks is not in federal custody.

### PROCEDURAL HISTORY

On August 9, 2016, an Indictment was filed in the above-referenced case, charging the defendant with conspiracy to distribute and to possess with the intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 846 and related charges. (Doc. 3.) Forfeiture allegations were not included in the Indictment.

On June 30, 2017, after trial, a duly empaneled jury returned a guilty verdict against the defendant as to all counts in the Indictment. (Doc. 97.)

On June 15, 2020, the defendant moved, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the return of property described as "U.S. currency approximately $600.00 in federal reserve notes," as set forth in the Motion. (Doc. 140.) On June 16, 2020, this

Court ordered the United States to respond to defendant's motion within 14 days. (Doc. 141.) The United States now responds as set forth below.

## ANALYSIS

A defendant whose property was seized in a criminal case but was not forfeited may file a post-trial motion pursuant to Federal Rule of Criminal Procedure 41(g) for the return of his property. Fed. R. Crim. P. 41(g); *Suggs v. United States*, 256 F. App'x 804 (7th Cir. 2007) (finding that a defendant properly invoked Rule 41(g) to seek the return of property seized at the time of his arrest but not included in the order of forfeiture). If the United States still has possession of the property, but may no longer have the right to retain it, the property must be returned. *See Suggs*, 256 F. App'x at 805; *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007.)

A Rule 41(g) motion must be denied, however, if the United States no longer possesses the property. *See Stevens*, 500 F.3d at 628 (finding that a Rule 41(g) motion must be denied where the property was no longer in the government's possession and requiring documentation or evidence of such); *United States v. Burt*, No. 1:05-CR-66, 2008 WL 276551 *2 (N.D. Ind. January 30, 2008) (following *Stevens* and finding that the government may not be ordered to return property that has already been forfeited by State authorities under state law); *Bonner v. United States*, No. 11-243, 2011 WL 6034470 *2 (S.D. Ill. Dec. 5, 2011) (Rule 41(g) provides no relief if the property is no longer in the Government's possession, as is the case if it has been forfeited under state law).

Moreover, the Government cannot return property which it does not now have, nor ever had. *United States v. Oguaju*, 107 F. App'x 541, 542-43 (6th Cir. 2004) (affirming dismissal of motion for return of property when the property was "seized and forfeited by the State of

Michigan[,]" the defendant had "adequate notice of the forfeiture proceedings[,]" and the property was never "in possession of a federal government agent or agency"); *United States v. Obi*, 100 F. App'x 498, 499 (6th Cir. 2004) (denying motion for return of property because the record is devoid of evidence the property was ever in the possession of the federal government).

In the present case, the defendant seeks the return of $599.00 U.S. currency seized from him at the time of his arrest on July 12, 2016. The property, however, was seized and disposed of by state and local authorities on November 17, 2016, in accordance with the laws of the State of Tennessee and in a Final Order of Forfeiture. (See Exhibit A.) At no time was the property transferred the United States, nor is the property currently in possession of the United States. Accordingly, any complaints regarding the forfeiture of the currency must be made to the forfeiting agency, here the State of Tennessee and, specifically, the Washington County Sheriff's Department.

## **CONCLUSION**

As the currency was forfeited by the State of Tennessee to the Washington County Sheriff's Department, the property is not currently in the custody or control of the United States. Therefore, the defendant's motion for return of seized property is misdirected and should be denied.

<div style="margin-left: 50%;">

J. DOUGLAS OVERBEY
United States Attorney

By: *s/ Meghan L. Gomez*
MEGHAN L. GOMEZ, FL Bar No. 068858
Assistant United States Attorney
220 W. Depot Street, Suite 423
Greeneville, TN 37743
Meghan.gomez@usdoj.gov
(423) 639-6759

</div>

## CERTIFICATE OF SERVICE

    I hereby certify that on June 23, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties, including Marcus Isaiah Price, will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    Marcus Isaiah Price
    Register Number: 51737-074
    FCI Gilmer
    FEDERAL CORRECTIONAL INSTITUTION
    P.O. BOX 6000
    GLENVILLE, WV  26351

                *s/ Meghan L. Gomez*
                MEGHAN L. GOMEZ
                Assistant United States Attorney